# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PITTSBURGH LOGISTICS SYSTEMS, INC., | )) | |
| | ) | |
| Petitioner, | ) | 2:26-CV-00730-MJH |
| | ) | |
| vs. | ) | |
| | ) | |
| BERKLEY INTERNATIONAL SEGUROS MEXICO S.A. DE C.V., | ) | |
| | ) | |
| Respondents, | | |

## ORDER

For the reasons stated in *Deh v. Warden Moshannon Valley Processing Center, et al.*, No. 3:26-CV-00738-MJH, 2026 WL 1255947 (W.D. Pa. May 7, 2026), the Court finds that Mr. Rodriguez would be entitled to a bond hearing under 1226(a) given the circumstances of his detention. However, as Respondents argue, the Laken Riley Act is applicable in this matter. The Laken Riley Act amended 8 U.S.C. § 1226(c) to provide that the Attorney General

> shall take into custody any alien who…(i) is inadmissible under paragraph 6(A), 6(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person.

Mr. Rodriguez was arrested and charged with theft-by-unlawful-taking on March 11, 2026, in New Jersey. (ECF No. 8 at 5); (ECF No. 8-3). The charge is still pending. The Court recognizes that Mr. Rodriguez expects the charges to be dismissed, but as of now, he is detained pursuant to 1226(c) and this Court will not grant a bond hearing.

As such, Mr. Rodriguez's Habeas Petition is DENIED without prejudice. If Mr. Rodriguez's charges are dismissed, he may file a supplemental motion for reconsideration. The Clerk of Court shall mark this case as closed.

BY THE COURT:

DATED: May 14, 2026

Marilyn J. Horan
United States District Judge